UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULETTE NORTON,

  Plaintiff,                                          CASE NO.:

-VS-

CONN APPLIANCES, INC.,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CONN APPLIANCES, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7. The current principal place of business of Defendant is in Irving, Texas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in McDonough, Henry County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Texas, with its mailing address at 4055 Technology Forest Blvd, Ste 210, The Woodlands, TX 77381, and doing business in the State of Georgia.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (504) 331-8539, and was the called party and recipient of Defendant's hereafter described calls.

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human

intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. In or about January of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (800) 511-5750, (409) 242-6994, (409) 761-5431, (409) 761-5430, (409) 291-7003, (409) 291-5844, (409) 291-5870.

18. In or about January of 2013, Plaintiff answered a call from Defendant, received a pre-recorded message stating that the call was from Conn's, and to please contact them at a given number, returned the call to the specified phone number, was connected to a live representative, and informed an agent/representative of the Defendant that she was sick, the calls were harassing her, and to cease placing calls to her aforementioned cellular telephone number.

19. During the aforementioned phone conversation with Defendant's agent/representative in or about January of 2013, Plaintiff expressly revoked any express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

21. Again, in or about February of 2013, due to the ceaseless barrage of calls to her aforementioned cellular telephone number by Defendant, Plaintiff again answered a call from Defendant, received Defendant's pre-recorded message, returned a call to Defendant at a specified number, and informed an agent/representative of the Defendant that she had previously demanded that they stop calling her, that she was not well and the calls were harassing, at which time the agent/representative of the Defendant informed her that they will not stop calling until she pays the alleged debt.

22. From about January of 2013 through the filing of this Complaint, Plaintiff has answered approximately five (5) to six (6) of Defendant's calls, and

demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

23. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

24. From about January of 2013 through the filing of this Complaint Defendant has made approximately one-thousand (1,000) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. [Please see attached **Exhibit A,** demonstrating a non-exclusive call log of at least ninety-six (96) phone calls from May 4, 2015 through May 21, 2015.]

25. On more than two-hundred (200) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which left a message including the following, but not limited to, pre-recorded or artificial voice message:

> "Hello 'Paulette M. Norton' [computer voice]. This is Conns calling with an important message. Call Conns today at 1 800 898 7105. You can take advantage of our automated system, or ask to speak with one of our Conns agents. Call us today, before 9:00 pm, at 1 800 898 7105. Thank you for choosing Conns."

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

27. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant's placement of the calls.

28. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

29. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

30. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

31. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued in Federal Court over thirty-two (32) times in the last three (3) years.

33. In the last 3 years, the Defendant has had two-thousand one-hundred fifty-one (2,151) complaints reported to the Better Business Bureau (BBB). See http://www.bbb.org/southeast-texas/business-reviews/appliances-major-dealers/conn-s-homeplus-in-beaumont-tx-10010889/.

34. Defendant violated the TCPA with respect to the Plaintiff.

35. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic

telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

                              Respectfully submitted,

                              *s/Octavio Gomez*
                              **Octavio Gomez, Esquire**
                              Georgia Bar #:  617963
                              Morgan & Morgan, Tampa,  P.A.
                              One Tampa City Center
                              201 N. Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Tele:  (813) 223-5505
                              Fax:  (813) 223-5402
                              TGomez@forthepeople.com
                              AAllen@forthepeople.com
                              Attorney for Plaintiff